**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | 3:07-cv-1201 (CFD) |
| | : | |
| ARTHUR OGONOSKI, JR., | : | |
| ARLENE OGONOSKI, | : | |
| NATIONSTAR MORTGAGE LLC, | : | |
|     Defendants. | : | |
| | : | |
| | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction**

      This tax enforcement action was brought by the government against Arlene Ogonoski, seeking to reduce to judgment several outstanding federal income tax assessments.  The government moved for summary judgment on tax assessments from 1991 through 1994, totaling $46,293.72, in addition to statutory interest and additions.  Arlene Ogonoski, appearing pro se, opposed this request.

**II.     Background**[1]

      In August 2007, the government brought this suit against both Arthur and Arlene Ogonoski, seeking judgment against both defendants for the 1998, 2004, and 2005 years and

---

[1] Unless otherwise noted, these facts are taken from both parties' memoranda in support of and in opposition to the instant motion, as well as the accompanying Local Rule 56 statement, exhibits and affidavits.

against Arlene Ogonoski for the 1991-1994 and 1996-1997 years. The Ogonoskis are married, and filed joint federal tax returns for those years. Later, the government amended its complaint, seeking to foreclose federal tax liens against a property in Burlington, Connecticut. The counts of the complaint which sought foreclosure and judgments against both Ogonoskis for 1998, 2004, and 2005, and against Arlene Ogonoski for the 1996-1997 tax years have been dismissed. Accordingly, the remaining dispute centers on the tax liability for Arlene Ogonoski for the 1991-1994 years.[2]

### III.  Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his or her favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences

---

[2]Nationstar Mortgage, LLC, was added as a defendant when the government was pursuing forfeiture. Both Nationstar and Arthur Ogonoski have since been dismissed as defendants.

in favor of the party against whom summary judgment is sought.  Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134.  Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it.  Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## IV.     Discussion

The defendant claims that the 1991-1994 tax assessments are not accurate.  However, the government's tax assessment is generally entitled to a presumption of correctness.  United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994), citing United States v. Janis, 428 U.S. 433, 440 (1976).  If a taxpayer wishes to challenge the validity of that assessment, he or she bears the burdens of both production and persuasion.  See id., citing Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir.1987).  By simply arguing that these documents are not correct, the defendant has failed to satisfy this standard.

In addition, the defendant contends that she is an "innocent spouse" and that her husband is responsible for the outstanding tax liabilities. Earlier in this dispute, she brought a petition for innocent spouse relief. However, that argument was considered and rejected by the United States Tax Court. See Ogonoski v. Comm'r of Internal Revenue, T.C. Memo 2004-52, No. 4759-02, 2004 WL 418081 (U.S.Tax Ct. Mar. 8, 2004). As a result, res judicata precludes this Court from reconsidering the issue. See, e.g., Schulman v. United States, 558 F. Supp. 28 (S.D.N.Y. 1982) (holding that res judicata barred "innocent spouse" challenge to plaintiff's personal liability for spouse's tax deficiency).

Estoppel against the government is also not appropriate in this case. While the defendant claims that she had an installment repayment agreement in place, this argument does not defeat summary judgment. In support of her contention, the defendant has produced a letter from the IRS, dated December 4, 1998, which specifically states that the IRS is not able "to submit [her] installment agreement for direct debit" and instructs the defendant to continue making payments. See Defendant's Motion for Estoppel, Civil Action No. 3:07-cv-1201, Dkt. # 52, Ex. A. However, the defendant has not produced a copy of a Form 433-D, which is issued by the IRS to a taxpayer when an installment agreement has been approved. See Supplement to the United States' Memorandum in Support of its Motion for Summary Judgment, Civil Action No. 3:07-cv-1201, Dkt. # 64, p. 3 n. 3. Furthermore, even if such a plan had been in place, it would have been terminated when the Ogonoskis failed to make payments. See id. at p. 4. As a result, the defendant cannot establish an estoppel defense that would preclude summary judgment.

Finally, the tax assessments can be reduced to judgment in this case because this action was filed within the applicable statute of limitations. A valid tax assessment can be collected

through a court proceeding, so long as the suit is begun within ten years of the assessment. 26 U.S.C. § 6502(a)(1). However, where the taxpayer has filed for bankruptcy under Title 11 of the United States Code, the government is prohibited from collecting a tax assessment. See 26 U.S.C. § 6503(h)(2). The statute of limitations is tolled during the pendency of the case and for six months afterward. See id. Similarly, if the taxpayer seeks designation as an "innocent spouse" the government may not collect a tax assessment during the pendency of this request or for sixty days afterward. See 26 U.S.C. § 6015(e)(2).

      As a result, the 1991 tax assessment should have been tolled from the filing of the first bankruptcy petition until six months after the dismissal of the second bankruptcy petition, since the second petition was filed within six months of the first petition. As a result, the statute should have tolled from August 7, 1992 (the date of first filing) through January 14, 1994 (six months after dismissal of second filing), for a total of 525 days. Likewise, the 1992 tax assessment should have been tolled from the date of the assessment, which was during the pendency of the second bankruptcy petition, until six months after the second bankruptcy petition was dismissed. The time period between May 31, 1993 (date of the assessment) through January 14, 1994 (six months after dismissal of second filing) numbered 228 days.

      All four tax assessments also receive the benefit of tolling during the pendency of the defendant's filing for relief as an "innocent spouse." The defendant filed that action on November 1, 2000 and the tax court's decision dismissing this petition, on March 8, 2004, became final on June 6, 2004. Since collection is tolled during the pendency of this action until six months after a final decision, the statute of limitations for all four tax assessments was extended for 1,373 days.

Accordingly, the original deadline for collection of the 1991 assessment (June 1, 2002) was extended for a total of 1,898 days to August 12, 2007.  The original deadline for collection of the 1992 assessment (May 31, 2003) was extended a total of 1,601 days to October 18, 2007.  Finally, the deadlines for the 1993 and 1994 tax assessments (May 30, 2004 and May 29, 2005, respectively) were each extended 1,373 days to March 3, 2008 and March 2, 2009, respectively.  Since this action was filed on August 8, 2007, all four tax assessments may be collected pursuant to the various tolling mechanisms described above.

**V.    Conclusion**

For the reasons set forth above, the plaintiff's motion for summary judgment [Dkt. #58] is GRANTED.  Judgment shall enter for the government against Arlene Ogonoski in the amount of $46,293.72, plus statutory additions and interest.

SO ORDERED this <u>22nd</u> day of March 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**